O P I N I O N
Defendant, Victor Stillgess, appeals from his conviction and sentence on two counts of rape and the trial court's determination that he is a sexual predator.
Pursuant to a negotiated plea agreement, Defendant entered guilty pleas to two counts of rape, one in violation of R.C. 2907.02(A)(1)(c) and the other in violation of R.C. 2907.02(A)(2). In exchange, the State dismissed two sexual battery charges, a charge of furnishing alcohol to minors, and sexually violent predator specifications attached to each rape charge. The trial court subsequently sentenced Defendant to the maximum allowable prison term on each count of rape, ten years, and ordered those sentences to be served consecutively. The trial court also found that Defendant is a sexual predator.
Defendant timely appealed the sentences imposed on the rape charges, as well as the sexual predator designation.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ITS DETERMINATION THAT APPELLANT IS A SEXUAL PREDATOR.
Defendant argues that the State failed to present sufficient evidence to demonstrate by "clear and convincing evidence" that he is a sexual predator.
In order to adjudicate Defendant a sexual predator, the trial court was required to find by clear and convincing evidence that Defendant has been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(B)(3). Defendant's conviction for rape constituted a sexually oriented offense. See R.C. 2950.01(D)(1). Accordingly, the only remaining issue was whether Defendant is likely to engage in the future in another sexually oriented offense.
Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477; State v. Ingram
(1992), 82 Ohio App.3d 341.
In determining whether an offender is a sexual predator, the trial court may consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Statev. Thompkins, (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of Statev. Jenks (1991), 61 Ohio St.3d 259:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Defendant is forty-six years of age. His two victims are sisters, ages eighteen and fifteen. One of the victims was engaged to Defendant's son at the time Defendant raped her. Defendant was acquainted with both victims. He furnished alcohol to the eighteen year old in order to impair her and prevent her resistance. Defendant used force to rape the fifteen year old. Both victims are presently receiving psychological counseling.
Defendant has an extensive prior criminal record which includes previous convictions for two counts of sexual battery involving two fourteen year old victims. A pattern of abuse is demonstrated by Defendant's history of sexually assaulting teenage girls. Furthermore, Defendant continues to deny that he raped the victims in this case, and he maintains that any sexual contact was consensual in nature.
Defendant argued at the hearing that whether he furnished alcohol to the eighteen year old victim for the purpose of impairing her judgment is open to question because she was drinking at a social gathering just prior to the rape. Nevertheless, Defendant pled guilty to a rape charge which included "knowing the victim's ability to resist or consent was substantially impaired because of her physical condition."
Defendant also argued that no pattern of abuse had been demonstrated vis-a-vis Defendant's targeting of teenagers for sexual assault. According to Defendant, he was highly intoxicated at the time of these sexual assaults and does not remember the events that transpired.
Defendant maintains that his conduct in this case was spontaneous in nature. Defendant further argued that there is a history of mental illness in his family, although he has never been diagnosed with any mental illness.
There is substantial evidence probative of the increased risk that Defendant poses for re-offending. There were multiple victims, R.C.2950.09(B)(2)(d). The victims were of a young age, R.C. 2950.09(B)(2)(c). Defendant used alcohol to impair one of the victims and prevent her resistance, R.C. 2950.09(B)(2)(e). Defendant has an extensive criminal record, including convictions for sexual offenses involving teenage girls of a similar age, R.C. 2950.09(B)(2)(b). One of the victims was the fiance~ of Defendant's son and the other victim was her sister. Defendant used force to rape the fifteen year old, and Defendant continues to deny his sexual offending behavior and maintains that his conduct with these victims was consensual. These behavioral characteristics support the court's determination. R.C. 2950.09(B)(2)(j).
After considering all of the information presented at the hearing and the R.C. 2950.09(B)(2) factors, the trial court concluded that Defendant was likely to engage in the future in one or more sexually oriented offenses and designated him a sexual predator. Viewing the information presented at the hearing in a light most favorable to the State, a rational trier of fact could find by clear and convincing evidence that Defendant is likely to commit other sex offenses in the future. Therefore, the trial court's finding that Defendant is a sexual predator is supported by legally sufficient evidence.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE UPON APPELLANT ON EACH OF THE TWO COUNTS OF RAPE TO WHICH HE PLED.
With respect to imposing the maximum allowable prison term for an offense, R.C. 2929.14(C) provides:
 (C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Defendant argues that the record does not demonstrate that he fits within any of the classifications specified in R.C. 2929.14(C), and thus the trial court erred in imposing the maximum prison term upon him. We disagree.
R.C. 2953.08 governs when a convicted defendant may appeal his sentence, as a matter of right. That section provides in relevant part:
 (A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 (1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
(a) The sentence was imposed for only one offense.
 (b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
Defendant was convicted of two separate rapes involving two different victims. These offenses occurred at different times and in different locations on the same date. Therefore, they did not arise out of a single incident. The State contends that because Defendant does not meet the statutory requirements for taking an appeal as of right from the maximum prison term imposed upon him, this court lacks jurisdiction to review the error assigned. We agree.
Pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution, the appellate jurisdiction of the courts of appeals is "as may be provided by law." That has consistently been held to mean as provided by statutes which the General Assembly enacts. R.C. 2953.08 is such an enactment. Unless its predicate terms are satisfied, this court lacks jurisdiction to review a final order from which an appeal is taken with respect to error founded on any of the grounds identified in R.C. 2953.08(A)(1). Defendant's argument that the trial court misapplied R.C. 2929.14(C) when it imposed his maximum sentences is one of those grounds. Because his offenses do not conform to the predicate requirement of R.C.2953.08(A)(1)(a) or (b), we lack jurisdiction to review the error assigned.
The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON APPELLANT ON THE TWO COUNTS OF RAPE TO WHICH HE PLED.
Defendant argues that while the trial court made the necessary statutory findings in order to impose consecutive sentences in this case, R.C. 2929.14(E)(4), those findings are unreasonable and not supported by the record.
At the outset we note that per our Decision and Entry filed February 16, 2001, we granted Defendant leave to appeal the consecutive nature of the sentences imposed upon him. However, a motion for leave was not required to appeal this issue. See: State v. Culp (May 25, 2001), Champaign App. No. 2000CA17, unreported. Thus, this issue is properly before us.
In order to impose consecutive sentences the trial court must make certain findings. These are set out in R.C. 2929.14(E)(4):
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In imposing consecutive sentences in this case the trial court made the following findings:
 Consecutive terms were imposed for all of the following reasons:
1. They are necessary to protect the public.
2. They are necessary to punish the offender.
 3. They are not disproportionate to the conduct of the Defendant.
 4. They are not disproportionate to the danger the Defendant presents.
 5. The harm in these charges is so great that a single term does not adequately reflect the seriousness of the conduct.
 6. The Defendant's criminal history shows that consecutive terms are needed to protect the public.
Defendant argues that the trial court's findings are unreasonable and not supported by this record. We disagree. On the record of this case, we cannot "clearly and convincingly" find that the record does not support the findings made by the trial court pursuant to R.C. 2929.14(E)(4). R.C. 2953.08(G)(2). The consecutive sentences were imposed according to law. The third assignment of error is overruled. The judgment of the trial court will be affirmed.
 _________ GRADY, J.
BROGAN, J. and YOUNG, J., concur.